UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANORAMIC STOCK IMAGES, LTD dba PANORMAIC IMAGES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SUNSET PROPERTY MANAGEMENT AND REALTY,<br><br>　　　　　　　　　　Defendant. | Case No.: 25-CV-2654 JLS (DEB)<br><br>**ORDER GRANTING JOINT MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>(ECF No. 7) |

　　　　Presently before the Court is Plaintiff Panoramic Stock Images, LTD's and Defendant Sunset Property Management and Realty's (collectively, the "Parties") Joint Motion to Set Aside Entry of Default ("Joint Mot.," ECF No. 7). On October 6, 2025, Plaintiff filed the Complaint, ECF No. 1, and served Defendant with the Summons and Complaint, ECF No. 4. Defendant did not respond to the Complaint, "as Defendant's owner did not become aware of the summons and complaint until a week later, and did not recognize the appropriate deadline, and thus did not retain counsel or respond to the Complaint prior to the deadline to respond." Joint Mot. at 2. On October 30, 2025, Plaintiff requested an Entry of Default, ECF No. 5, which the Clerk entered on November 3, 2025, ECF No. 6. The Parties now jointly request that the Default be lifted, and the matter be decided on its merits. Joint Mot. at 2. The Court **GRANTS** the Joint Motion.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Courts have broad discretion in deciding whether to vacate an entry of default. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986); *Ricotta v. California*, 4 F. Supp. 2d 961, 988 (S.D. Cal. 1998). The Ninth Circuit has held that "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citation omitted). Thus, in assessing good cause, the district court considers three factors:

> (1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]. As these factors are disjunctive, the district court [is] free to deny the motion "if any of the three factors [is] true."

*Id.* (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1008 (9th Cir. 2000); *see also In re Hammer*, 940 F.2d 524, 525–26 (9th Cir. 1991) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)).

The court "should apply the factors more liberally" when assessing a motion to set aside an entry of default rather than a motion to set aside default judgment. *Page v. Banks*, No. 07-cv-2254 JM(BLM), 2008 WL 2037763, at *2 (S.D. Cal. May 12, 2008) (citing *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)). Ultimately, there is a strong preference for deciding cases on their merits, and therefore any doubts should be resolved in favor of setting aside the default. *Direct Mail Specialists v. Eclat Computerized Techs.*, 840 F.2d 685, 690 (9th Cir. 1988).

Here, the Court finds that good cause exists. Defendant did not engage in any culpable conduct that led to the default, and the Plaintiff agrees that the Entry of Default should be lifted. Defendant was unaware of its obligations to respond and did not retain counsel. Joint Mot. at 2. Defendant is now represented by counsel and able to participate

in the matter. *Id.* Therefore, the Entry of Default is lifted.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** the Parties' Joint Motion to Set Aside Entry of Default (ECF No. 7). The Court therefore **VACATES** the Clerk's Entry of Default (ECF No. 6). Defendant **SHALL RESPOND** to Plaintiff's Complaint <u>within thirty (30) days</u> of the electronic docketing of this Order.[1]

**IT IS SO ORDERED.**

Dated: November 10, 2025

Hon. Janis L. Sammartino
United States District Judge

---

[1] The Parties agree that Defendant shall file and serve a responsive pleading within thirty (30) days of the Court's Order. Joint Mot. at 3.